McCoy v. The First National Bank of Mount Pleasant.

AFFIRMED.

## McCoy v. The First National Bank of Mount Pleasant et al.

1. **Damages**: INTERFERENCE WITH SALE. A party owning land incumbered by a mortgage which was of record, offered the same for sale at public auction, at which there were no bidders, for the alleged reason that those intending to bid were warned by the agent of the mortgagee that the party purchasing would buy a law-suit, and that the property should not be sold: *Held,* that an action for damages would not lie against the mortgagee.

*Appeal from Washington District Court.*

WEDNESDAY, APRIL 23.

ON the 22d day of October, 1870, the defendants held certain mortgages upon the real estate and chattel property of
VOL. L—37

the plaintiff, and on that day the following written agreement was entered into by the parties thereto:

"It is stipulated and agreed between the Farmers' & Merchants' Bank of Washington, Iowa, and the First National Bank of Mt. Pleasant, Iowa, as follows:

"STATEMENT.

"The said Farmers' & Merchants' Bank holds a mortgage of B. M. McCoy and wife for eight thousand three hundred and ninety-eight dollars. In form the note is recited as, and mortgage, as to J. R. and L. C. Richards, and is of date September 22, 1870, and said First National Bank holds a note of said B. M. McCoy and others for seven thousand dollars, with two mortgages (one real and one chattel), of even date herewith, made by said McCoy and wife to secure the same.

"Now, it is agreed that said three mortgages shall be regarded as simultaneous—no priority. Any amount made in meantime, by sale of any of said land or by any of said personal property, is to be paid to said creditors in proportion to their respective demands, and the parties hereto will consent to the sale of any part of said lands at fair cash rates; the proceeds to be applied to pay said debts in proportion as aforesaid. Either party may proceed to collect, and neither hereby suspends their rights other than as to mortgages as aforesaid.

"Should said mortgages have to be foreclosed, as either party may elect to do, then the purchase or proceeds is to be for the mutual benefit of the two banks, in proportion to their respective demands as aforesaid—each bank to give credit for the amount actually received by such bank arising from the sale of such mortgaged property, or any part or parts thereof.

"Neither party suspends any right of action, or surrenders or modifies any right personal against any of the makers of their respective notes.

"This agreement relates to the mortgaged property and its disposition and proceeds only.

"Witness our hands this 22d day of October, 1870.

"A. W. Chilcote,
"President Farmers' & Merchants' Bank.

"P. Saunders,
"President First National Bank, Mt. Pleasant.

"I consent to the foregoing.
"B. M. McCoy."

This action was commenced July 6, 1875. It is averred in the petition, in substance, that the plaintiff became a party to said written agreement, and was entitled to any benefits that might accrue to him by reason thereof; that after said agreement was executed the plaintiff, at the special instance and request of defendants, advertised said real estate to be sold at public auction, intending to sell the same if a fair price could be received therefor, and apply the proceeds of such sale in payment of said indebtedness, and that said banks agreed with plaintiff that said real estate might be thus sold, and agreed to receive the proceeds of such sale to apply on said indebtedness; that said real estate consisted of six hundred and fifty-five acres, and plaintiff proceeded to offer the same for sale, at public auction, and parties desiring to purchase the same. were present at said sale, intending to purchase said real estate, which at that time was worth the sum of twenty-two thousand nine hundred and twenty-five dollars, and would have sold for that sum to parties then present intending to purchase, and the same would have been purchased by such parties, at that time, if the sale had not been interfered with by defendants; that at said date said First National Bank of Mount Pleasant, by its agent, Henry Ambler, and said Farmers' & Merchants' Bank, by statements made to parties who proposed to purchase said land, and otherwise, wrongfully interfered with said sale, and prevented the sale thereof by plaintiff, by publicly announcing that the same should not

be sold, and that parties purchasing would buy a law-suit, and by declaring that said real estate should not be so sold, and refusing to have or allow the same to be sold at said public sale; that afterward the defendants caused said land to be sold on the foreclosure of said mortgages for the sum of thirteen thousand five hundred and sixty-six dollars, whereby plaintiff was damaged in the sum of nine thousand dollars; that the plaintiff, at the instance and request of defendants, expended large sums of money in advertising said real estate to be sold, and in making preparations for such sale, which expenditure, by reason of said wrongful acts of the defendants, was of no benefit to plaintiff, as it would otherwise have been, and by reason of said wrongful acts of the defendants plaintiff's land was afterward sold under execution, thereby causing plaintiff to pay a large amount of costs and other expenses, to the damage of plaintiff in the sum of one thousand dollars; that it was understood and agreed between plaintiff and defendants that, under the terms of said written agreement, said real estate should be advertised and sold, and the proceeds of such sale applied in payment of plaintiff's indebtedness to defendants; and it was understood and agreed that such sale should be in place of foreclosure proceedings, and for the purpose of avoiding delay and expense; and in all things connected with such advertisement and sale defendants consented to the acts of plaintiff, and assisted him therein up to the time of the wrongful acts complained of.

To this petition the defendants filed a demurrer, setting out the following among other grounds therefor:

"1.   That said petition shows no cause of action, and that no injury resulted or could have resulted to plaintiff which might not have been avoided by plaintiff complying with his contract, by paying his indebtedness to defendants, either out of the proceeds of the sale of lands or from any other source.

"2.   That petition shows that if plaintiff had proceeded with his proposed sale the debt of defendants would have been

thereby paid, whereby no interference could have occurred on part of defendants to the damage of plaintiff, without defendants' assent and approval."

The demurrer was sustained. The plaintiff elected to stand on his petition, and judgment was rendered against him for costs. Plaintiff appeals.

*McJunkin, Henderson & Jones*, for appellant.

*H. & R. Ambler*, for appellees.

ROTHROCK, J.—The wrongful acts complained of, and which are the basis of the plaintiff's cause of action, are that defend-

1. DAMAGES: interference with sale.

ants prevented the sale of the real estate by publicly announcing that the same should not be sold, and that parties purchasing would buy a law-suit. It is not averred that the agents of the defendants slandered the title of the plaintiff by asserting or claiming that the defendants had any interest in the land other than as the owners of the mortgages thereon. It is averred that the sale was intended for the very purpose of paying off these mortgages. If so, persons intending to purchase must have been advised of the terms of the sale, and of the liens upon the land necessary to be discharged in order to make good title. Indeed, it is fair to assume that persons intending to purchase would have ascertained the condition of the title as it appeared of record. With this knowledge, which must have been acquired in one way or the other, the idle and gratuitous threats of the agents of the defendants would have no influence with a party who was ready to bid for the real estate some nine thousand dollars more than sufficient to pay all the indebtedness due to the defendants. There was no necessity for the defendants' assent to the sale. It was plaintiff's undoubted right to sell the land at any time or in any manner before foreclosure, so that he made provision for the payment of the amounts due on the mortgages, and how the defendants could, by declaring that a sale should not take place, influence purchasers not to

bid an amount largely in excess of sufficient to pay the mortgages, is more than we are able to determine.

It will be observed that it is averred that parties were present who would have purchased the real estate for a sum much larger than the amount of the mortgages. If this estimate of what persons would have paid for property at a public auction is a fact susceptible of proof, and which may be the foundation of an action for damages, a point not necessary to be determined in this case, yet it cannot be said that they were prevented from purchasing by the alleged acts of the defendants. If they were thus prevented, it seems to us that fact would be rather too remote to become the foundation of a suit for damages.

AFFIRMED.